UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VERNICKY V. HODGE,<br><br>Plaintiff,<br><br>v.<br><br>TRAVEL + LEISURE CO.,<br><br>Defendant. | Case No. 5:24-cv-06116-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: ECF No. 30 |

Plaintiff Vernicky Hodge filed this lawsuit in response to allegedly harassing calls from Defendant Travel + Leisure Co. According to Hodge, Defendant called multiple times a day to collect on late timeshare payments in violation of both the Telephone Consumer Protection Act (TCPA) and the Rosenthal Fair Debt Collection Practices Act (RFDCPA). Defendant moved to dismiss Hodge's claims under Rule 12(b)(6). The Court finds Defendant's motion suitable for decision without oral argument and therefore **VACATES** the upcoming motion hearing. *See* L.R. 7-1(b). Because Hodge has not pled facts showing that the TCPA or RFDCPA apply, the Court **GRANTS** Defendant's motion **WITH LEAVE TO AMEND**.

I.  **BACKGROUND**

Around 2020, Hodge purchased two timeshare properties through Defendant. Am. Compl. ¶ 10, ECF No. 29. In making those purchases, Hodge agreed to make certain monthly payments tied to timeshare-related services. *Id.* ¶ 12. Although Hodge often made her payments on time, occasionally she would be a few days late. *Id.* ¶ 11. Hodge claims that whenever she was late, Defendant would repeatedly call her cell phone—sometimes upwards of three times a day—to collect on her missed payment. *Id.* ¶¶ 13, 22, 26. Allegedly, Defendant used artificial or prerecorded voice messages on those calls. *Id.* ¶ 17–18.

Case No.: 5:24-cv-06116-EJD
ORDER GRANTING MOT. TO DISMISS WITH LEAVE TO AMEND
1

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must contain sufficient factual allegations to make out a plausible legal claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In determining whether the complaint states a plausible claim, courts "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). But courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citation omitted).

## III.   DISCUSSION

### A.   TCPA

As relevant to Hodge's claims, calls can violate the TCPA in two ways: (a) by using an automatic telephone dialing system (ATDS) or (b) by using an artificial or prerecorded voice. *Trim v. Reward Zone USA LLC*, 76 F.4th 1157, 1160 (9th Cir. 2023). Hodge does not claim that Defendant used an ATDS, so only the prohibition on artificial or prerecorded voices is at issue here. However, the factual allegations supporting Hodge's assertion that Defendant used artificial or prerecorded voices are sparse.

Hodge makes only two factual allegations. First, Hodge alleges that "she would be left prerecorded messages purportedly from 'Sarah from Wyndham Vacation Resorts'" when declining to answer Defendant's calls. Am. Compl. ¶ 17. Second, Hodge alleges that "[o]n answered calls, Plaintiff would similarly be greeted by an artificial or prerecorded voice message." *Id.* ¶ 18. Otherwise, Hodge merely asserts in conclusory fashion that "Defendant used prerecorded and/or artificial voice messages" and "plac[ed] dozens of phone calls to Plaintiff's cellular phone using prerecorded messages." *Id.* ¶¶ 32–33. These allegations are little more than "labels and conclusions" insufficient to state a claim under Rule 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is because Hodge merely recites one of the TCPA's requirements—use of an artificial or prerecorded voice—without providing factual detail from which that conclusion can be inferred. *Id.* ("formulaic recitation" of a claim's elements is not enough).

Case No.:   5:24-cv-06116-EJD
ORDER GRANTING MOT. TO DISMISS WITH LEAVE TO AMEND
2

Hodge suggests she need not plead more than the bare assertion that Defendant used an artificial or prerecorded voice message, citing to cases that apply an "easier" standard where "merely . . . alleging that a defendant used an artificial or prerecorded voice suffices at the pleading stage." Opp'n 4, ECF No. 31 (quoting *Slominski v. Globe Life Inc.*, No. 7:23-cv-1081, 2024 WL 556978, at *6 (E.D.N.C. Feb. 12, 2024)). The Court respectfully disagrees with those cases. It would be inconsistent with *Twombly* to allow such conclusory allegations to satisfy a plaintiff's pleading burden. And district courts within this Circuit largely agree. *E.g.*, *Andersen v. Nexa Mortg., LLC*, No. 8:24-cv-00619, 2024 WL 3762098, at *4 (C.D. Cal. Aug. 12, 2024); *Rogers v. Assurance IQ, LLC*, No. 2:21-cv-00823, 2023 WL 2646468, at *3–4 (W.D. Wash. Mar. 27, 2023); *Allison v. Wells Fargo Bank, N.A.*, No. 22-cv-0510, 2022 WL 10756885, at *3 (S.D. Cal. Oct. 18, 2022). Moreover, applying this higher standard does not create an impossible burden—there are several cases identifying the types of facts that can satisfy the higher standard while still being within the plaintiff's knowledge even at the pleading stage. *E.g.*, *Smith v. Am.-Amicable Life Ins. Co. of Tex.*, No. 22-cv-333, 2022 WL 1003762, at *2 (E.D. Pa. Apr. 4, 2022); *Johansen v. Vivant, Inc.*, No. 12-cv-7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012).

Accordingly, the Court **DISMISSES** Hodge's TCPA claim.[1]

**B.    RFDCPA**

Hodge bases her RFDCPA claims on California Civil Code §§ 1788.11 and 1788.17, which both only apply when debt from a "consumer credit transaction" is involved.[2] In turn, the RFDCPA defines "consumer credit transaction" as "a transaction between a natural person and

---

[1] Hodge tries to argue that she included factual allegations, such as that the messages she received "contained identical language" and were "duplicative." Opp'n 5. However, those facts are not alleged in Hodge's complaint. They are raised only in her opposition, and "[s]tatements made in an opposition brief cannot amend the complaint." *Rodriguez v. Kwok*, No. 13-cv-04976, 2014 WL 889570, at *6 (N.D. Cal. Mar. 3, 2014).

[2] Section 1788.11 applies to "covered debt." A "covered debt" is defined as "consumer debt" or "covered commercial debt." Cal. Civ. Code § 1788.2(l). Only "consumer debt" is relevant here, and it is defined as "money, property, or their equivalent, due . . . or alleged to be due . . . from a natural person by reason of a *consumer credit transaction*." *Id.* § 1788.2(f) (emphasis added). Similarly, § 1788.17 applies to "consumer debt" and therefore to "consumer credit transactions."

Case No.: 5:24-cv-06116-EJD
ORDER GRANTING MOT. TO DISMISS WITH LEAVE TO AMEND
3

1  another person in which property, services, or money is acquired on credit by that natural person
2  from the other person primarily for personal, family, or household purposes." Cal. Civ. Code
3  § 1788.2(e). The key language from that definition is the phrase, "on credit," which the RFDCPA
4  does not further define. In interpreting this language, the California state courts agree that "on
5  credit" should be defined broadly, but they formulate its definition in different ways. For
6  example, one court defined "on credit" to mean "obtaining something of value without immediate
7  payment on the promise to make a payment or payments in the future." *Davidson v. Seterus, Inc.*,
8  21 Cal. App. 5th 283, 296 (2018). Another held that acquiring something "on credit" means
9  "acquir[ing] something without paying for it." *Gouskos v. Aptos Vill. Garage, Inc.*, 94 Cal. App.
10 4th 754, 759 (2001). The remainder of California courts to address the RFDCPA's language
11 generally apply some combination of these two definitions. *See Hagey v. Solar Serv. Experts,*
12 *LLC*, 94 Cal. App. 5th 1303, 1309 (2023) (*Davidson* definition); *Paredes v. Credit Consulting*
13 *Servs., Inc.*, 82 Cal. App. 5th 410, 435 (2022) (*Davidson* and *Gouskos* definitions).

14       Regardless of the exact formulation used, these precedents make clear that a "consumer
15 credit transaction" includes at least two fundamental elements: (1) acquisition of something of
16 value without immediate payment, and (2) an agreement between the parties to the transaction that
17 the consumer will pay in the future.

18       Applying this understanding, the Court finds that Hodge has failed to allege that her late
19 timeshare payments qualify as "consumer credit transactions." In her complaint, Hodge describes
20 her monthly timeshare payments as going towards "services associated with the timeshares [she]
21 purchased." Am. Compl. ¶ 12. But that allegation does not, by itself, support an inference that
22 Hodge acquired something of value without payment. For example, such monthly payments could
23 represent fees for continuing services. Such pay-as-you-go fees are not credit transactions because
24 they do not involve services received before payment; rather, the services received are effectively
25 concurrent with payments made. *See Durham v. Cont'l Cent. Credit*, No. 07-cv-1763, 2009 WL
26 3416114, at *7 (S.D. Cal. Oct. 20, 2009) (fees for "ongoing maintenance and general services" are
27 not consumer credit transactions). Alternatively, those monthly payments could represent *advance*

28 Case No.: 5:24-cv-06116-EJD
ORDER GRANTING MOT. TO DISMISS WITH LEAVE TO AMEND
4

payments for services to be rendered in the following month, transactions that are clearly not "on credit." *Cf. Phillips v. Archstone Simi Valley LLC*, No. 15-cv-5559, 2016 WL 7444550, at *5 (C.D. Cal. Dec. 15, 2016) (rental payments were not on credit because they were advance payments for the right to occupy an apartment), *aff'd*, 740 F. App'x 603 (9th Cir. 2018); *Yatooma v. OP Prop. Mgmt. LP*, No. 2:17-cv-02645, 2017 WL 3120259, at *3 (C.D. Cal. July 20, 2017) (collecting cases on monthly rental payments).

Of course, Hodge argues that neither of those two examples reflects her situation. She alleges instead that her monthly timeshare payments "were in connection with services rendered *prior* to the charges being assessed." Am. Compl. ¶ 12 (emphasis added). But that allegation is no more than a legal conclusion parroting the first element of a "consumer credit transaction." It is therefore not entitled to any weight. *See Iqbal*, 556 U.S. at 678.

Separately, Hodge contends that even if the monthly timeshare payments are not themselves "consumer credit transactions," the fact that she was late on occasion and did not make her payments until after their due dates caused those payments to transform into credit transactions. This contention runs headfirst into the second element of a "consumer credit transaction": agreement between the parties for the consumer to pay in the future. "[A] credit transaction is not retroactively created by virtue of the consumer's . . . later failure to pay." *Phillips*, 2016 WL 7444550, at *5. Thus, by unilaterally failing to pay on time, Hodge did not reach any agreement with Defendant to defer payment.

As such, the Court **DISMISSES** Hodge's RFDCPA claims as well.

IV. **CONCLUSION**

The Court **GRANTS** Defendant's motion to dismiss **WITH LEAVE TO AMEND**. Hodge must file any amended complaint within **fourteen (14) days** of this Order.

**IT IS SO ORDERED.**

Dated: January 29, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 5:24-cv-06116-EJD
ORDER GRANTING MOT. TO DISMISS WITH LEAVE TO AMEND
5