1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7

8    VERNICKY V. HODGE,                        Case No.   5:24-cv-06116-EJD

9              Plaintiff,                       **ORDER DENYING MOTION TO
                                                DISMISS**
10         v.

11   TRAVEL + LEISURE CO.,                      Re: ECF No. 41

12             Defendant.

13         After the Court dismissed Plaintiff Vernicky Hodge's claims under the Telephone

14   Consumer Protection Act (TCPA) and a California debt collection law, Hodge filed an amended

15   complaint.  She renewed her TCPA claim, but she dropped her California claim and replaced it

16   with a claim under Florida's debt collection law: the Florida Consumer Collection Practices Act

17   (Florida Act).  Defendant Travel + Leisure Co. again moves to dismiss.  Satisfied that Hodge has

18   now met her pleading burden, the Court **DENIES** the motion.

19   I.    **BACKGROUND**

20         Hodge is a California resident who previously purchased timeshare properties from

21   Defendant between 2018 and 2019.  Second Am. Compl. (SAC) ¶¶ 4, 10, ECF No. 38.  As a

22   timeshare owner, Hodge must make regular payments on her timeshare properties.  *Id.* ¶¶ 9, 14.

23   When Hodge fails to timely make payments, Defendant allegedly calls her to try collecting on

24   those past-due amounts.  *Id.* ¶ 15.  According to Hodge, she received multiple such calls per day,

25   to the point that she specifically asked Defendant to stop calling her.  *Id.* ¶¶ 23–24.  Nonetheless,

26   those calls purportedly continued, including one call that she received at 6:20 a.m. local time.  *Id.*

27   ¶¶ 27, 29.  Hodge also claims that each of these calls used generic, prerecorded messages that all

28   purported to be from the same person.  *Id.* ¶¶ 19–21.

United States District Court
Northern District of California

1    In response, Hodge contacted a lawyer and filed this lawsuit. *Id.* ¶ 30.  Initially, Hodge

2    asserted claims under the TCPA and a California debt collection law. *See* Compl., ECF No. 1;

3    Am. Compl., ECF No. 29.  However, the Court dismissed both for failure to state a claim.  Order,

4    ECF No. 30.  Upon amending her complaint, Hodge abandoned her California claim in favor of a

5    new claim under the Florida Act. *See* SAC.  Defendant now moves to dismiss again.  Mot., ECF

6    No. 41.  This time, in addition to arguing that Hodge has failed to state a claim, Defendant also

7    contends that Hodge lacks Article III standing. *Id.*

## II.    LEGAL STANDARD

9    Defendants can challenge a party's Article III standing under Rule 12(b)(1). *Bowen v.*

10    *Energizer Holdings, Inc.*, 118 F.4th 1134, 1142 (9th Cir. 2024).  Such challenge can either be

11    facial (attacking the sufficiency of the allegations) or factual (challenging the truth of the

12    allegations through evidence). *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.

13    2004).  Here, Defendant makes a facial challenge because it does not contest any allegations with

14    evidence.  The standard for Rule 12(b)(6) governs facial challenges. *Leite v. Crane Co.*, 749 F.3d

15    1117, 1121 (9th Cir. 2014).

16    In turn, to survive a Rule 12(b)(6) motion, a plaintiff must allege sufficient facts to

17    establish a plausible legal claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

18    Courts assessing whether plaintiffs have met this bar "accept as true all factual allegations in the

19    complaint and draw all reasonable inferences in favor of the [plaintiff]." *Retail Prop. Tr. v. United*

20    *Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014).  Courts do not, however,

21    "accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citation

22    omitted).

## III.    DISCUSSION

24    ### A.    Article III Standing

25    Usually, the Court must confirm its jurisdiction before making any merits determinations.

26    *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998).  Sometimes, though, standing can

27    be inextricably intertwined with the merits in a way that prevents courts from addressing standing

28    as an issue separate from the merits. *See Bowen*, 118 F.4th at 1143.  That is the case here.

Case No.: 5:24-cv-06116-EJD
ORDER DEN. MOT. TO DISMISS            2

*United States District Court*
*Northern District of California*

1          The only standing requirement that Defendant challenges is the need for an "injury in

2    fact." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  For Hodge's TCPA claim, "the precise

3    harm" needed to establish injury in fact is the harm caused by a TCPA violation.  *Van Patten v.*

4    *Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017).  As a consequence, Hodge "need

5    not allege any *additional* harm beyond the one Congress has identified" in the TCPA to plead

6    standing.  *Id.* (quoting *Spokeo*, 578 U.S. at 342); *see also Wakefield v. ViSalus, Inc.*, 51 F.4th

7    1109, 1117–18 (9th Cir. 2022).  Put differently, Hodge pleads an injury in fact by pleading a

8    TCPA violation, so the existence of standing is inseparable from the question of whether Hodge

9    has adequately pled a TCPA violation.

10          The same is true of Hodge's claim under the Florida Act.  Although there is no Ninth

11   Circuit precedent exactly on point like there is for the TCPA, the Circuit's TCPA precedents

12   explain that "the receipt of unsolicited phones calls" is an injury in fact because it "closely

13   resembles traditional claims for 'invasions of privacy, intrusion upon seclusion, and nuisance.'"

14   *Wakefield*, 51 F.4th at 1118 (quoting *Van Patten*, 847 F.3d at 1043).  Hodge's Florida Act claim

15   requires her to plead that someone "[w]illfully communicate[d] with [her] with such frequency as

16   can reasonably be expected to harass [her], or willfully engage[d] in other conduct which can

17   reasonably be expected to abuse or harass [her]."  Fla. Stat. § 559.72(7).  That exactly requires the

18   type of unsolicited phone calls previously held to be an injury in fact in the TCPA context.  Hodge

19   can therefore establish standing by pleading her substantive claim under the Florida Act.

20          Since Hodge's standing is so closely tied to the merits of her underlying claims, the Court

21   does not separately address standing.  Instead, Hodge's standing to raise her TCPA and Florida

22   Act claims rise or fall with those claims.

23          **B.     TCPA**

24          Hodge claims that Defendant violated the TCPA by using an artificial or prerecorded voice

25   when making calls to Hodge.  *See Trim v. Reward Zone USA LLC*, 76 F.4th 1157, 1160 (9th Cir.

26   2023).  The Court initially dismissed Hodge's claim because she failed to offer non-conclusory

27   allegations from which the Court could infer that Defendant used an artificial or prerecorded

28   voice.  She has now provided those details.

United States District Court
Northern District of California

Case No.: 5:24-cv-06116-EJD
ORDER DEN. MOT. TO DISMISS            3

1    The average person can often tell that she is receiving prerecorded messages when, over

2    the course of multiple calls, the messages that she receives are suspiciously uniform.  Hodge has

3    alleged that here.  She asserts that whenever Defendants left a message on her phone, the speaker

4    in the message would claim to be "Sarah from Wyndham Vacation Resorts."  SAC ¶¶ 19–20.

5    Hodge also alleges that the messages were uniform: they asked Plaintiff to call the same toll-free

6    number; each lasted approximately the same amount of time (26 seconds); and each was generic,

7    without any reference to Hodge's specific information.  *Id.* ¶ 20.  Further, when Hodge picked up

8    calls from Defendant, those calls also allegedly contained identical content.  *Id.* ¶ 21.

9    All this is enough for the Court to conclude at the pleading stage, when drawing all

10   inferences in favor of Hodge, that she received artificial or prerecorded messages.  Calls with

11   humans on the other side of the line are unlikely to be that uniform.  Accordingly, the Court finds

12   that Hodge has stated a TCPA claim.  *See Smith v. Am.-Amicable Life Ins. Co. of Tex.*, No. 22-cv-

13   333, 2022 WL 1003762, at *2 (E.D. Pa. Apr. 4, 2022); *Johansen v. Vivant, Inc.*, No. 12-cv-7159,

14   2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012).

15   Defendant counters that Hodge has consented to receive calls, and that is fatal because the

16   TCPA allows companies to use artificial or prerecorded messages when a consumer consents.

17   However, consent "is an affirmative defense for which the defendant bears the burden of proof."

18   *Van Patten*, 847 F.3d at 1044.  It "is not an element of a plaintiff's prima facie case."  *Id.*  Hodge

19   therefore had no obligation to negate Defendant's claim of express consent through her

20   allegations, and the Court can only dismiss Hodge's TCPA claim on the consent defense if the

21   "allegations in the complaint suffice to establish" consent.  *Sams v. Yahoo! Inc.*, 713 F.3d 1175,

22   1179 (9th Cir. 2013) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)).  Nothing in the SAC,

23   when construed in Hodge's favor, shows that she consented to artificial or prerecorded messages.

24   As a result, the Court **DENIES** the motion to dismiss Hodge's TCPA claim.

25   **C.    Florida Act**

26   Before turning to the merits of Hodge's Florida Act claim, the Court first addresses

27   whether Hodge had leave to add that claim when Hodge's earlier complaints did not raise the

28   Florida Act.  In Defendant's view, Hodge could not do so because her leave to amend was limited.

Case No.: 5:24-cv-06116-EJD

ORDER DEN. MOT. TO DISMISS          4

1    At the outset, the Court observes that it did not expressly limit Hodge in any way when it

2    granted leave to amend. All the Court said was that it "grants Defendant's motion to dismiss with

3    leave to amend." Order 1, 5. What is more, even when the Court has expressly limited the scope

4    of amendment to correct specific pleading deficiencies, it has allowed plaintiffs to add new claims

5    in light of the Ninth Circuit's policy in favor of liberal amendment. *See Zwerling v. Ford Motor*

6    *Co.*, No. 5:19-cv-03622-EJD, 2023 WL 2899524, at *3 (N.D. Cal. Apr. 10, 2023) (quoting *Brown*

7    *v. Stored Value Cards, Inc.*, 953 F.3d 567, 574–75 (9th Cir. 2020)). In any case, it is hard to see

8    how the addition of a Florida Act claim causes any prejudice to Defendant given how early this

9    case is in its life and the fact that the Florida Act claim is based on the same underlying events as

10    the TCPA claim. The Court finds nothing inappropriate with Hodge's decision to add a Florida

11    Act claim and proceeds to consider that claim on the merits.

### 1.    Scope of Coverage

13    Defendant begins by arguing that Hodge's Florida Act claim fails because the Act only

14    applies to "debt collectors," and Hodge has not alleged that Defendant is a debt collector under the

15    Act. Defendant appears to base this argument on a two-step chain of logic. First, the Florida Act

16    expressly instructs courts construing its terms to give "due consideration and great weight . . . to

17    the interpretations of the Federal Trade Commission and the federal courts relating to the federal

18    Fair Debt Collection Practices Act" (Federal Act). Fla. Stat. § 559.77(5). Second, the Federal Act

19    applies only to debt collectors. *Vien-Phuong Thi Ho v. ReconTrust Co*, 858 F.3d 568, 571 (9th

20    Cir. 2017). From this, Defendant concludes that the Florida Act must also apply only to debt

21    collectors, like the Federal Act does. Some courts share that view. *Turner v. PHH Mortg. Corp.*,

22    467 F. Supp. 3d 1244, 1247 (M.D. Fla. 2020). But the Court disagrees.

23    "Although the [Florida Act] is modeled after the [Federal Act], the two statutes are not

24    identical in all respects." *Agrelo v. Affinity Mgmt. Servs., LLC*, 841 F.3d 944, 952–53 (11th Cir.

25    2016). One way the two differ is that the Federal Act explicitly bars only debt collectors from

26    conducting certain collection activities while the Florida Act applies to any "person" collecting

27    debts. *Id.* at 953 (first quoting 15 U.S.C. §§ 1692e; then quoting *id.* § 1692f; and then quoting Fla.

28    Stat. § 559.72). As such, a party "is not exempt from the [Florida Act] simply because it is not a

United States District Court
Northern District of California

Case 5:24-cv-06116-EJD    Document 49    Filed 04/11/25    Page 6 of 7

statutorily defined debt collector." *Id.*; *see also Alhassid v. Nationstar Mortg. LLC*, 771 F. App'x 965, 969 (11th Cir. 2019); *Helman v. Bank of Am.*, 685 F. App'x 723, 727 (11th Cir. 2017). Florida state courts are in accord. *Verizon Wireless Pers. Commc'ns, LP v. Bateman*, 264 So. 3d 345, 351 n.6 (Fla. Dist. Ct. App. 2019); *Gann v. BAC Home Loans Servicing LP*, 145 So. 3d 906, 910 (Fla. Dist. Ct. App. 2014); *Morgan v. Wilkins*, 74 So. 3d 179, 181 (Fla. Dist. Ct. App. 2011); *Schauer v. Gen. Motors Acceptance Corp.*, 819 So. 2d 809, 812 (Fla. Dist. Ct. App. 2002).

On questions of Florida law, the Court must follow Florida's intermediate appellate courts unless there is evidence that the Florida Supreme Court would reach a different decision. *Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 994 (9th Cir. 2007). There is no such evidence here, so the Court finds that failure to plead Defendant is a debt collector does not require dismissal.

### 2.    Harassment

Apart from its argument about the scope of the Florida Act, Defendant also challenges the sufficiency of Hodge's allegations as to the specific provision of the Act she invokes. Under that provision, willful communications that can reasonably be expected to harass a plaintiff are prohibited. Fla. Stat. § 559.72(7). Defendant claims that Hodge has failed to allege the calls she received were harassing.

When trying to determine whether a plaintiff has pled harassment, courts consider a multitude of factors. *Boullosa v. Wells Fargo Bank, N.A.*, No. 8:22-cv-2642, 2023 WL 3584074, at *3 (M.D. Fla. May 22, 2023) (quoting *Leahy-Fernandez v. Bayview Loan Servicing, LLC*, 159 F. Supp. 3d 1294, 1304–05 (M.D. Fla. 2016)). The most important of those factors are the frequency of calls received and the purpose of those calls. *Story v. J.M. Fields, Inc.*, 343 So. 2d 675, 677 (Fla. Dist. Ct. App. 1977); *Lawrence v. FPA Villa Del Lago, LLC*, 584 F. Supp. 3d 1105, 1114 (M.D. Fla. 2022) (citation omitted). Although there are no hard and fast rules, courts have found 100 calls made over five months to be indicative of harassment while seven calls over six months are not. *Desmond v. Accts. Receivable Mgmt., Inc.*, 72 So. 3d 179, 181 (Fla. Dist. Ct. App. 2011) (first citing *Story*, 343 So. 2d at 677; and then citing *Schauer v. Morse Operations, Inc.*, 5 So. 3d 2, 5 (Fla. Dist. Ct. App. 2009)). As for purpose, courts find harassing purpose when calls continue after all relevant information has been exchanged. *Story*, 343 So. 2d at 677.

Case No.: 5:24-cv-06116-EJD

United States District Court
Northern District of California

1    Here, Hodge alleges that she received multiple phone calls per day for months, sometimes

2    receiving more than three calls a day.  SAC ¶ 25.  And even though she does not describe the

3    information that was exchanged on those calls, she does allege that she asked Defendant to stop

4    contacting her, and that Defendant ignored her request.  *Id.* ¶¶ 23–24.  This is much closer to 100

5    calls over five months than the other end of the spectrum, and Defendant's decision to ignore

6    Hodge's request it suggests that Defendant was making calls for improper purposes.

7    Granted, the allegations just described are hardly the epitome of clarity and detail.  But this

8    case comes to the Court on a motion to dismiss where the Court must draw all inferences in favor

9    of the plaintiff.  *Retail Prop. Tr.*, 768 F.3d at 945.  Moreover, "the question of whether conduct is

10   harassing or abusive is ordinarily an issue for the factfinder." *McCaskill v. Navient Sols., Inc.*, 178

11   F. Supp. 3d 1281, 1296 (M.D. Fla. 2016) (citations omitted).  That being so, Hodge's allegations

12   are enough to support an inference of harassment at this stage of litigation.  The Court **DENIES**

13   the motion to dismiss Hodge's Florida Act claim.

**IV.    CONCLUSION**

The Court **DENIES** the motion to dismiss.

**IT IS SO ORDERED.**

Dated:  April 11, 2025

_____
EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California